UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE GENDRAW,

                Petitioner,                Case No. 2:21-cv-10995
                                                Hon. Victoria A. Roberts

v.

CHANDLER CHEEKS,

                Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Michigan prisoner Willie Gendraw commenced this action by filing a "Motion to Reduce Sentence Due to COVID-19/Emergency Motion for Immediate Reduction of Sentence/Writ of Habeas Corpus for Compassionate Release Due to COVID-19." The Court construes Gendraw's pleading as an application for a writ of habeas corpus. *See Noel v. Winn*, 2021 U.S. Dist. LEXIS 1476, 2021 WL 37708, at *1 (E.D. Mich. Jan 5, 2021); *Parks v. Winn*, 2020 U.S. Dist. LEXIS 120731, 2020 WL 3833114, at *1 (E.D. Mich. July 8, 2020).

In 1989, Gendraw was sentenced to mandatory life imprisonment for his Wayne Circuit Court conviction of first-degree murder. The petition does not challenge the validity of Gendraw's conviction. Instead, he claims that he contracted COVID-19 once while in prison, and he is fearful that his life is in jeopardy due to "the variant strains now sweeping through the Michigan Department of Corrections." (Petition, ECF No. 1, PageID.5.) He asserts that his continued confinement under such unsafe conditions violates his constitutional rights.

Gendraw admits that he has not presented his claim to the state courts. He asserts that he need not do so, however, because the state courts have denied relief in "thousands of cases"

brought by state prisoners complaining about the spread of COVID-19 in Michigan's prisons. (id, PageID.4.) Finally, Gendraw asserts that he wrote numerous letters to the medical unit at his facility, but they were ignored.

## I.

Promptly after the filing of a petition for habeas corpus, the Court undertakes a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus first must exhaust any state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement applies regardless whether Gendraw's petition is deemed filed under 28 U.S.C. § 2254 or § 2241. See *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *Phillips v. Court of Common Pleas, Hamilton Cty.*, Ohio, 668 F.3d 804, 810 n.4 (6th Cir. 2012). The burden is on the petitioner to plead and prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Gendraw fails to meet this burden. He admits that he did not attempt to present his claims to the state courts. Yet it appears state court remedies exist. Petitioner may be able to seek relief in the state courts by filing a civil action alleging unconstitutional conditions of confinement. *See Kent Co. Prosecutor v. Kent Co. Sheriff*, 428 Mich. 314 (1987) ("No one now doubts the authority

of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Alternatively, he may be able to file a motion for relief from judgment under Mich. Ct. R. 6.500 et seq. with the state trial court. Gendraw may also be able to file a state habeas petition challenging the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). Finally, there may be an administrative remedy for requesting release or alternative custody by filing a grievance within the Michigan Department of Corrections, the rejection of which might be appealed in state court. Petitioner thus has at least one available state court remedy that must be exhausted before proceeding in federal court on a federal habeas petition. *See, e.g., Sewell v. Brown*, No. 2:20-CV-77, 2020 U.S. Dist. LEXIS 113627, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2020) (discussing available remedies and dismissing similar § 2241 habeas petition).

Gendraw argues that the exhaustion requirement does not apply where, as here, "circumstances exist that render such process ineffective" to protect his rights. 28 U.S.C. § 2254(b)(1)(B). Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, Gendraw fails to establish that state court remedies are unavailable or ineffective. *See, e.g., Money v. Pritzker*, 453 F. Supp. 3d 1103, 2020 WL 1820660, *21 (N.D. Ill. 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). Michigan courts have shown a willingness to consider the COVID-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-

19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 Mich. App. LEXIS 4863 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in Chandler applies to convicted prisoners). Accordingly, Gendraw fails to establish that circumstances exist that render his state court remedies unavailable or ineffective.

## II.

For the reasons stated, the Court concludes that Gendraw has not exhausted available state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court **DENIES** a certificate of appealability because reasonable jurists would not debate the correctness of the Court's procedural ruling. 28 U.S.C. § 2253(c)(1)(a); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**SO ORDERED.**

s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge

Dated: 7/20/2021